UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE ESTATE OF LARRY SHAW and SUSAN SHAW, as the Executor of the Estate of Larry Shaw, asserting claims on behalf of a New York corporation, SHAW FAMILY ARCHIVES, LTD. on a shareholder derivative basis and/or, when so pleaded, individual claims for the benefit of the ESTATE OF LARRY SHAW, <br><br>                                   Plaintiffs, <br><br>     -against- <br><br> EDIE SHAW MARCUS aka Edith Marcus, META SHAW STEVENS aka Meta Stevens, DAVID MARCUS, MELISSA STEVENS, GARY ADELMAN, ESQ., and SAM SHAW INC., <br><br>                                   Defendants, <br><br>     -and- <br><br> SHAW FAMILY ARCHIVES, LTD., <br><br>                               as a Nominal Party to the Action. | No. 7:14-cv-3849 (NSR) |
| SAM SHAW, INC., META STEVENS, EDITH MARCUS, MELISSA STEVENS, and DAVID MARCUS, <br><br>                                 Plaintiffs, <br><br>     -against- <br><br> THE ESTATE OF LARRY SHAW and SUSAN SHAW, <br><br>                                 Defendants. | No. 7:14-cv-5653 (NSR) <br><br> OPINION AND ORDER |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/6/2016

NELSON S. ROMÁN, United States District Judge

Counsel for the Estate of Larry Shaw and Susan Shaw, Joseph Adams, brings the instant motion to withdraw as counsel. The Shaw Family Defendants filed opposition to the motion to withdraw on a limited basis. For the reasons below, the Court conditionally grants Mr. Adams' motion to withdraw.

## DISCUSSION

Local Civil Rule 1.4 of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") governs withdrawal of counsel and provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdraw or displacement and the posture of the case, including its position, if any, on the calendar[.]

Local Rule 1.4. "In making its determination, it is well-settled that a court has considerable discretion in deciding a motion for withdrawal of counsel." *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, No. 1:10 C 2333 MEA, 2014 WL 1087934, at *1 (S.D.N.Y. Mar. 19, 2014) (citing *SEC v. Pentagon Capital Mgt. PLC*, No. 08 C 3324, 2013 WL 5815374, at *4 (S.D.N.Y. Oct. 29, 2013); *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *Spadola v. N.Y.C. Transit Auth.*, No. 00 C 3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002)) (internal quotation marks omitted). When considering whether to grant a motion to be relieved as counsel, "district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011); *see also Whiting*, 187 F.3d at 320-21 ("In addressing motions to withdraw as counsel, district courts have typically considered whether 'the

2

prosecution of the suit is likely to be disrupted by the withdrawal of counsel." (internal citations and alterations omitted). Although there does not appear to be a "clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal," *Blue Angel Films, Ltd.*, 2011 WL 672245, at *1 (citation omitted), a court may relieve counsel on the bases of health reasons or non-payment of legal fees. *Id*. (collecting cases); *Melodrama Pub., LLC v. Santiago*, No. 12 CIV. 7830 JSR, 2013 WL 1700929, at *3 (S.D.N.Y. Apr. 11, 2013) (noting the court granted counsel's motion to withdraw as defense counsel for health reasons). "The Court may also examine likely prejudice to the client, whether the motion is opposed, and whether the unpaid representation has become a severe financial hardship to the firm." *Winkfield v. Kirschenbaum & Phillips, P.C.,* No. 12 CIV. 7424 JMF, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (internal citation omitted).

In the instant case, the Court finds that Mr. Adams has presented satisfactory reasons for his withdrawal. Specifically, Mr. Adams submits two letters from his physician, dated December 2015 and March 2016, detailing that Mr. Adams has a history of atrial fibrillation caused by "extraordinarily high mental stress levels related to his work." (*See* Exhibit A to Declaration of Joseph H. Adams relating to Confidential Health Matters Submitted on the Motion for Permission to Withdraw.) The physician further advises that Mr. Adams' work is predisposing him to recurrence of atrial fibrillation and urges him to reduce stress in his professional life. (*Id.*) Though the Shaw Family attempts to downplay the risks to Mr. Adams' health as simply litigation stress, the Court cannot ignore the insight and advice of Mr. Adams' physician and notes that this particular litigation—containing over 350 docket entries—is not an average litigation and may produce abnormal levels of stress, even if largely caused by Mr. Adams himself.

In addition, though Mr. Adams concedes to representing the Estate and Susan Shaw on a "quasi-pro bono" basis, the nonpayment of fees from his client has led to significant financial difficulties, a factor the court may consider in deciding whether to relieve an attorney of representation. *Winkfield*, 2013 WL 371673, at *1. *See also Stair v. Calhoun,* 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010) ("The Court may also examine … whether the unpaid representation has become a severe financial hardship to the firm.") (internal citation omitted). Moreover, as detailed more below, both Susan Shaw and Mr. Adams have represented to the Court that they have irreconcilable differences. *See Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96CIV.2839(RPP)(AJP), 1997 WL 661146, at *3 (S.D.N.Y. Oct. 21, 1997) ("if the client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw").

In addition to considering the reasons for withdrawal, courts typically also assess whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Blue Angel Films, Ltd.*, 2011 WL 672245, at *2 (citations and quotation marks omitted). Though it is true that the Court may consider "the protracted history of the litigation" when deciding a motion to withdraw, *Bruce Lee Enterprises, LLC.*, 2014 WL 1087934, at *2 (internal citation omitted), "[w]here discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found." *Winkfield*, 2013 WL 371673, at *1 (internal citations and quotation marks omitted). *See also Thekkek v. LaserSculpt, Inc.,* No. 11 CIV. 4426 HB JLC, 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012) (collecting cases where courts deny motions to withdraw on the eve of trial). Although Mr. Adam's withdrawal will impact the timing of the pending motion practice and the discovery schedule, as another attorney will need some time to become familiar with the litigation, this is not a case that is on the verge of being tried. Moreover, the

Shaw Family contends that Mr. Adams' failure to comply with discovery orders and extended letter-writing has delayed much of the litigation. Presumably, then, the Shaw Family will not object to the removal of these issues, which are acting as barriers to the progression of this litigation. Therefore, the timing of the motion will not disrupt the proceedings to the point where denial would be warranted.

The Shaw Family does not oppose the motion to withdraw, with the exception that they request that if Mr. Adams is to be relieved, the Court order him to remain counsel as record until all discovery issues and summary judgment briefing are completed. Though the Court is cognizant of the need to reduce prejudice to a withdrawing attorney's opponent, the requested relief would essentially require Mr. Adams to remain counsel for every litigation responsibility with the exception of trial, if the case were to go to trial. This would gut the Court's decision to grant Mr. Adams' motion to withdraw.[1]

Finally, it has come to the Court's attention that a significant and irreconcilable difference has arisen between Mr. Adams and one of his clients—Susan Shaw. In *in camera* affidavits submitted to the Court, Susan Shaw and Mr. Adams detail their continually deteriorating relationship and breakdown in communications, as well as Mr. Adams' frustration of his clients' attempts to retain new counsel. The Court notes that it "possesses certain inherent

---

[1] In addition, the Shaw Family requests a number of miscellaneous orders from the court, such as an order preventing Mr. Adams from representing the Estate or any member of Susan Shaw's family in any future action and an order prohibiting Mr. Adams from communicating with any third party regarding any member of the Shaw Family. (*See* Shaw Family Memorandum in Opposition to Joseph Adams' Motion to Withdraw as Counsel ("Opposition Memo"), ECF NO. 314, at 13.) The Shaw Family additionally asks that the court request that Mr. Adams declare that he is going to retire from the practice of law. (Opposition Memo at 10.) These requests are frivolous. Though the Court may impose conditions on permission to withdraw, conditions are generally based on further advocacy in the case at issue. *See Emile v. Browner*, No. 95 Civ. 3836, 1996 WL 724715, at *2 (S.D.N.Y. Dec. 17, 1996) (citing several cases where counsel's withdrawal was conditioned on further advocacy). It is not for the Court to police Mr. Adams future actions, advocacy, or practice of law. Moreover, the Court cannot preclude Mr. Adams from seeking payment for past services in any lawful manner. Mr. Adams has not represented that he will seek a retaining or charging lien against his client and as a result, there is no issue for the Court to rule on with respect to a lien.

powers to discipline attorneys who appear before it. These include the powers to police the conduct of attorneys as officers of the court and to impose sanctions for attorney misconduct. In exercising these inherent powers, courts have the right to inquire into fee arrangements ... to protect the client from excessive fees [,] and may order attorneys to return fees the client has paid pursuant to a contract." *In re Goldstein*, 430 F.3d 106, 110 (2d Cir. 2005) (internal citations and quotation marks omitted). In *Goldstein*, the Second Circuit upheld the reduction of an attorney's fees where his failure to respond to the court's orders and treatment of his client forced the client to personally seek the court's aid. *Id.* "Other courts have imposed forfeiture of all or part of an attorney's legal fees" based on the attorney's conduct. *In re Chase*, 372 B.R. 142, 157–58 (Bankr. S.D.N.Y. 2007) (collecting cases) (holding that the attorney must forfeit all of his fees where he committed numerous violations of the court's rules). *See also In re Michaelson*, 511 F.2d 882, 888 (9th Cir.), *cert. denied*, 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 469 (1975) (to protect clients from excessive fees and conflicts of interest, the court has authority to inquire into fee contracts).

     Susan Shaw explains that her limited financial resources combined with Mr. Adams' refusal to negotiate his fees in good faith has undermined her attempts at securing new counsel. Mr. Adams denies these allegations and asserts that the requested discount in his fees is unreasonable. In light of these representations, Mr. Adams will be permitted to withdraw on the condition that he and his clients come to a mutually agreeable fee arrangement that will allow Susan Shaw and the Estate the opportunity to retain new counsel. Mr. Adams is reminded that, according to the New York Rules of Professional Conduct, "[e]ven when withdrawal is otherwise permitted … upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including giving

reasonable notice to the client, allowing time for employment of other counsel, [and] … promptly refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules." NY ST RPC Rule 1.16(e). "Professional rules of conduct, enforceable by the Court, are intended to protect the public of which clients are members and preserve the integrity of the system in which lawyers operate." *In re Fisher*, 908 F. Supp. 2d 468, 472-73 (S.D.N.Y. 2012). *See In re Emmerling*, 223 B.R. 860, 869 (B.A.P. 2d Cir. 1997) ("It is evident that the failure to comply with the Federal Rules, particularly on the part of counsel [], has resulted in a great deal of unnecessary litigation and cost and has thoroughly undermined the procedural foundations of the adversary proceeding. In such a situation, a court of equity must fashion a remedy which will protect the interests of the clients[].")

## CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Adams' motion to withdraw as counsel for the Estate and Susan Shaw on the condition that Mr. Adams and Susan Shaw come to a satisfactory, equitable fee arrangement by September 23, 2016 that permits Mr. Adams' clients the opportunity to retain new counsel. Susan Shaw and Mr. Adams are directed to inform the Court in writing—in the form of **one jointly signed letter not to exceed two pages**—on or before September 23, 2016 whether such an agreement has been reached. If Mr. Adams and Susan Shaw are unable to reach such an agreement, they are directed to contact the court to schedule a hearing. The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 313.

Dated: September 6, 2016
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge